IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
CIVIL ACTION NO.: 5:04CV44-C

| | |
|---|---|
| MBNA AMERICA BANK, N.A., ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| vs. ) | **MEMORANDUM AND RECOMMENDATION** |
| ) | **AND ORDER** |
| ) | |
| STEVEN P. AUSTIN, ) | |
| ) | |
| **Defendant.** ) | |
| ) | |

**THIS MATTER** is before the Court on Plaintiff's "Motion to Remand" (document #7) and "Memorandum in Support" (document #8), both filed December 8, 2004. The pro se Defendant has not filed a responsive brief and the time for filing a response has long expired.

On July 18, 2005, this motion was referred to the undersigned Magistrate Judge pursuant to 28 U.S.C. § 636(b)(1)(B), and is ripe for the Court's consideration.

Having fully considered the arguments, the record, and the applicable authority, the undersigned will respectfully recommend that the Plaintiff's "Motion to Remand" be granted, as discussed below.

### I. FACTUAL AND PROCEDURAL BACKGROUND

This is an action to confirm an arbitration award pursuant to the Federal Arbitration Act ("FAA"), 9 U.S.C. § 9.

It is undisputed that on or before April 11, 2003, the Plaintiff MBNA America Bank, N.A. and the pro se Defendant Steven P. Austin entered into an agreement whereby Plaintiff agreed to

1

provide credit to Defendant and that contained a clause requiring binding arbitration of any dispute between the parties arising from or related to the agreement. After the Defendant failed to make payments on the account, the Plaintiff Bank filed a claim for arbitration with the National Arbitration Forum as required by their agreement, and the parties submitted the matter to arbitration.

On June 25, 2003, and following a hearing, the arbitrator, Kenneth J. Gumbiner, Esquire, awarded the Plaintiff $18,263.20. See "Award," Exhibit A to "Notice of Removal" (document #1).

On March 12, 2004, Plaintiff filed its Complaint in the District Court of Catawba County, North Carolina, seeking to enforce the arbitration award in its principal amount plus interest. As noted above, the Complaint cites § 9 of the FAA, as well as the National Arbitration Forum's Code of Procedure, as the basis for this arbitration confirmation proceeding.

On April 13, 2004, the Defendant, proceeding pro se, filed a one-page "Notice of Removal," removing the state court action to federal court and alleging federal question subject matter jurisdiction on the grounds that "the case at hand involves ... the National Banking Act, the Doctrine of Ultra Vires, the Fair Debt Collection Practices Act, the Truth in Lending Act, and the Fair Debt Credit Reporting Act." Document #1 at 1. However, the Defendant has not filed an Answer or otherwise formally presented any alleged affirmative defenses or counterclaims.

On December 8, 2004, the Plaintiff filed its Motion to Remand, contending that the FAA does not create an independent basis for federal question jurisdiction and, moreover, that its lawsuit to confirm a $18,263.20 arbitration award does not meet the $75,000 amount in controversy required to establish federal diversity jurisdiction.

As noted above, the Defendant has not filed a brief in opposition or otherwise responded to the Plaintiff's motion, which is ripe for determination.

## II. DISCUSSION OF CLAIMS

The existence of subject matter jurisdiction is a threshold issue, and absent a proper basis for subject matter jurisdiction, a removed case must be remanded to state court. Steel Co. v. Citizens for a Better Env't, 523 U.S. 83, 96 (1998). Accord Jones v. American Postal Workers Union, 192 F.3d 417, 422 (4th Cir. 1999); and Evans v. B.F. Perkins Co., 166 F.3d 642, 647 (4th Cir. 1999). It is well established that "[t]he subject matter jurisdiction of federal courts is limited and the federal courts may exercise only that jurisdiction which Congress has prescribed." Chris v. Tenet, 221 F.3d 648, 655 (4th Cir. 2000), citing Kokkonen v. Guardian Life Ins. Co. of Am., 511 U.S. 375, 377 (1994). Accord Darcangelo v. Verizon Communications, Inc., 292 F.3d 181, 186 (4th Cir. 2002) ("In general, an action filed in state court may be removed to federal court only if it might have been brought in federal court originally"). The requirements are so absolute that "[n]o party need assert [a lack of subject matter jurisdiction]. No party can waive the defect, or consent to jurisdiction. No court can ignore the defect; rather a court, noticing the defect, must raise the matter on its own." Wisconsin Dept. of Corrections v. Schacht, 524 U.S. 381, 389 (1998) (internal citations omitted). Accord Insurance Corp. of Ireland v. Compagnie des Bauxites de Guinee, 456 U.S. 694, 702 (1982).

Moreover, the party seeking federal jurisdiction has the burden generally of proving that subject matter jurisdiction exists. See Lovern v. Edwards, 190 F.3d 648, 654 (4th Cir. 1999); Richmond, Fredericksburg & Potomac R. Co. v. United States, 945 F.2d 765, 768 (4th Cir. 1991); and Norfolk Southern Ry. Co. v. Energy Development Corp., 312 F.Supp.2d 833, 835 (S.D.W.Va. 2004).

Where the Plaintiff seeks confirmation of an arbitration award in the principal amount of $18,230.20, plus interest from June 25, 2003, the date of the award, there is no basis for exercising

federal diversity jurisdiction because it is clear that the amount in controversy is less than $75,000. See 28 U.S.C. § 1332 (2004); Schacht, 524 U.S. at 388 (case falls within federal court's diversity jurisdiction only if diversity of citizenship among the parties is complete and amount in controversy exceeds $75,000); and Carden v. Arkoma Associates, 494 U.S. 185, 187 (1990) (same). Accordingly, the basis for federal subject matter jurisdiction, if any, must arise under what is commonly called "federal question" jurisdiction.

As the Fourth Circuit has stated:

> Title 28 U.S.C. § 1331 provides that district courts have subject matter jurisdiction of every civil action that "arises under the Constitution, laws, or treaties of the United States." This means that Congress has given the lower federal courts jurisdiction to hear only those cases in which a well-pleaded complaint establishes <u>either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law</u>.

Battle v. Seibels Bruce Ins. Co., 288 F.3d 596, 606-07 (4th Cir. 2002) (emphasis added).

Although § 9 of the FAA provides for judicial confirmation of arbitration awards, the statute "is something of an anomaly in the field of federal court jurisdiction. It creates a body of federal substantive law establishing and regulating the duty to honor an agreement to arbitrate, yet it does not create any independent federal question jurisdiction." Moses H. Cone Mem'l Hosp. v. Mercury Constr. Corp., 460 U.S. 1, 25 n.32 (1983). Rather, the party asserting jurisdiction "must demonstrate that if there were no agreement to arbitrate, a federal court would have jurisdiction of the subject matter of a suit arising out of the controversy between the parties." Gibraltar, P.R., Inc. v. Otoki Group, Inc., 104 F.3d 616, 618 (4th Cir. 1997) (internal quotation omitted), citing 9 U.S.C. § 4; and Whiteside v. Teltech Corp., 940 F.2d 99, 102 (4th Cir. 1991).

Moreover, although Defendant maintains that subject matter jurisidiction is proper because

4

the matter involves a number of federal questions, "the presence or absence of federal question jurisdiction is governed by the 'well-pleaded complaint' rule." Okla. Tax Comm'n v. Graham, 489 U.S. 838, 840 (1989). The well-pleaded complaint rule generally means that, "[f]or better or worse, ... a defendant may not remove a case to federal court unless the plaintiff's complaint establishes that the case 'arises under' federal law." Franchise Tax Bd. of Cal. v. Constr. Laborers Vacation Trust for S. Cal., 463 U.S. 1, 10 (1983).

In short, the Defendant cannot create an independent basis for federal question jurisdiction merely by reciting various federal laws in his Notice of Removal and there is no other basis for federal subject matter jurisdiction of a beach of contract dispute in which considerably less than $75,000 is in controversy. Accord Okla. Tax Comm'n, 489 U.S. at 840; Constr. Laborers Vacation Trust for S. Cal., 463 U.S. at 10; and Moses H. Cone Mem'l Hosp., 460 U.S. at 25. Accordingly, the undersigned will respectfully recommend that the Plaintiff's Motion to Remand be granted.

### III. ORDER

**IT IS ORDERED** that all further proceedings in this action, including all discovery, are **STAYED** pending the District Court's ruling on this Memorandum and Recommendation and Order.

### IV. RECOMMENDATION

**FOR THE FOREGOING REASONS,** the undersigned respectfully recommends that the Plaintiff's "Motion to Remand" (document #7) be **GRANTED** and this case **REMANDED** to the General Court of Justice, District Court Division, of Catawba County, North Carolina for all future proceedings.

## V. NOTICE OF APPEAL RIGHTS

The parties are hereby advised that, pursuant to 28 U.S.C. §636(b)(1)(c), written objections to the proposed findings of fact and conclusions of law and the recommendation contained in this Memorandum must be filed within ten (10) days after service of same. Snyder v. Ridenour, 889 F.2d 1363, 1365 (4th Cir. 1989); United States v. Rice, 741 F. Supp. 101, 102 (W.D.N.C. 1990). Failure to file objections to this Memorandum with the district court constitutes a waiver of the right to de novo review by the district court, Snyder, 889 F.2d at 1365, and may preclude the parties from raising such objections on appeal. Thomas v. Arn, 474 U.S. 140 (1985); Wright v. Collins, 766 F.2d 841, 845-46 (4th Cir. 1985); United States v. Schronce, 727 F.2d 91 (4th Cir. 1984).

The Clerk is directed to send copies of this Memorandum and Recommendation and Order to the pro se Defendant; to counsel for the Plaintiff; and to the Honorable Robert J. Conrad, Jr.

**SO RECOMMENDED AND ORDERED.**

**Signed: July 28, 2005**

*Carl Horn, III*
_____

Carl Horn, III
United States Magistrate Judge